Parker C. J.
__ delivered the opinion of the Court. We think the registry copy of the deed and the copy of the will were properly admitted in evidence, as facts tending to show that the residence of the grandfather was in Oxford ; from which his settlement, Qnder the then existing pauper laws, might be inferred by the jury. We consider this species of evidence as different from the mere verbal declaration of a pauper as to his residence, which has been ruled not to be evidence. The designation of his residence m a solemn instrument, such as a deed or a will, is in the nature of a fact rather than a declara tian, being made when there was no controversy, and when no possible interest could exist to give a false designation.
• But this evidence, which is merely presumptive, being admitted, it was proper to let the other party into proof of facts and circumstances, which would have a tendency to rebut the presumption arising from it. And we consider the facts offered to be proved by the defendants, to be of this character.
The original settlement of the grandfather being in Sutton, his temporary residence in Oxford was not inconsistent with it; for he might have been in the place at both the periods mentioned in the deed and will, and yet never have gained a settlement there. He might have been warned out, or not have remained there a year at any one time.
Then the fact offered to be proved, that the father, many years afterwards, was maintained as a pauper by the town of Sutton, might furnish presumptive evidence, that the grandfather’s settlement in Sutton continued and was transmitted to the father, or that the latter had gained a settlement there in his own right.
This would not be sufficient, independently, to prove his settlement in Sutton, but was admissible to contradict the inference, drawn from the presumptive evidence, that the grandfather had gained a settlement in Oxford. On this ground only, we think that the verdict must be set aside, and a new trial granted.