INHABITANTS OF ROCKPORT *vs.* CITY OF ROCKLAND.

SAME *vs.* SAME.

Knox.   Opinion November 23, 1912.

*Acquired Settlement.   Collateral Attack.   Derivative Settlement. Error.   Instructions.   Intention of Marriage.   Paupers.   Record. Residence.   Rebuttable Presumption.   Supplies.   Settlement.*

Barter had a derivative settlement in Isle Au Haut. The plaintiff contended that he acquired a settlement in Rockland by having his home there for five successive years, between 1889 and January 7, 1899, without receiving supplies as a pauper, directly or indirectly.

The defendant contended that Barter moved from Rockland to Stonington in 1892 and made his home there for two years, subsequently returning to Rockland where his intentions of marriage were filed October 10, 1894. That he again went to Stonington in November, 1894, and from there went to Rockport in the summer of 1895 and made his home there till his marriage December 27, 1898.

The plaintiff introduced without objection the record from the City Clerk's office of Rockland showing Barter's intentions of marriage dated October 10, 1894, in which his residence was stated to be Rockland. Also the record of his marriage on December 27, 1898, in which his residence was stated to be Rockland.

*Held:*

1. Assuming that the recital of Barter's residence in the record of his marriage was properly admitted as tending to show that his residence at the time was in Rockland, it was only presumptive evidence of that fact and not conclusive.

2. Its admissibility was on the ground that the law requires that a record of a marriage shall be made containing the names and residences of the contracting parties and there is a presumption that the recital is true. But it is a rebuttable presumption.

3. The record having been admitted, it was proper for the other party to show facts and circumstances which would have a tendency to rebut the presumption arriving from the recital in the record.

On motion and exceptions by defendant. Motion not considered. Exceptions sustained.

The above actions are to recover for pauper supplies furnished by plaintiff town to George L. Barter and his family and were tried together. The jury returned a verdict for the plaintiff in both cases; in docket number 684 for $76.54, and in docket number 686 for $34.63. In the course of the trial, the defendant excepted to the admission and exclusion of certain evidence and to parts of the charge to the jury. The motion for new trial was not considered by the court, but the exceptions were sustained. The case is stated in the opinion.

*L. M. Staples,* for plaintiff.

*E. K. Gould,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, JJ.

KING, J. These actions are to recover for pauper supplies. They were tried together, and the sole controversy involved was concerning the pauper settlement of George L. Barter. The verdicts were for the plaintiff and the cases are before this court on defendant's exceptions and a motion for a new trial.

The question raised by the first exception may be thus briefly stated: Barter had a derivative settlement in Isle Au Haut. The plaintiff contended that he acquired a settlement in Rockland by having his home there for five successive years, between 1889 and

January 7, 1899, without receiving supplies as a pauper directly or indirectly.

The defendant contended that Barter moved from Rockland to Stonington in 1892 and made his home there for two years, subsequently returning to Rockland where his intentions of marriage were filed October 10, 1894. That he went back to Stonington in November, 1894, and remained there till the summer of 1895 when he went to the plaintiff town and made his home there till his marriage on December 27, 1898.

The plaintiff introduced without objection the record from the city clerk's office of Rockland showing Barter's intentions of marriage dated October 10, 1894, in which his residence was stated to be Rockland. Also the record of his marriage on December 27, 1898, under the same intentions, in which his residence was stated to be Rockland. Chester D. Walker, the Justice who performed the marriage ceremony, called by the defense, testified that he inserted in his return to the city clerk of the marriage the residence of Barter as Rockland taking it from the certificate of the publication in 1894, and that Barter was not consulted about it, and did not know that the return had been so made.

Referring to the record of the marriage the presiding Justice in his charge to the jury said:

"The marriage was returned by the justice performing the ceremony to the city clerk, to be recorded as required by law, and that certificate stated that the residence of the groom was in Rockland. The plaintiff relies upon that fact. Mr. Walker, the justice who performed the ceremony, has been upon the stand and he has testified that he took the residence from the license that was issued. You are to consider the fact of the license, the fact of the marriage; and we must, Gentlemen, place reliance upon records. Records cannot be collaterally attacked. It would hardly be fair that a record that is required by law to be made for the purpose of perpetuating the facts therein stated for future generations should be open to attack in court when they are not directly involved, open to what is known as collateral attacks. If they can attack the record of a marriage, they can attack the record of the deed of your place, and it is only by proceedings directly involved that such records can

be attacked.   If wrong, they can, of course, be corrected, but it must be by direct proceedings.   You will bear in mind the marriage and the publication."

We think the learned Justice erred in the instructions quoted, and that this exception must be sustained.   Assuming that the recital of Barter's residence in the record of his marriage was properly admitted as tending to show that his residence at that time was in Rockland, it was only presumptive evidence of that fact and not conclusive.   Its admissibility was on the ground that, since the law requires that a record of a marriage shall be made containing among other recitals the names and residences of the contracting parties, there is a presumption that the recitals are true.   But it is a rebuttable presumption.   The recitals may not be true.   And the record having been admitted it was proper for the other party to show facts and circumstances which would have a tendency to rebut the presumption arising from the recital in the record.   *Ward* v. *Oxford,* 25 Mass., 476.   See also *Shutesbury* v. *Hadley,* 133 Mass., 242, where a copy of the record of a marriage was held properly admitted in a proper case as prima facie evidence only of the person's residence as therein recited at the time of the marriage.

Nor can it be reasonably contended that the error was harmless to the defendant.   Under the instructions the jury may have concluded that they should regard the records introduced as *conclusive* proof that Barter's residence was in Rockland in October, 1894, and in December, 1898.   Such a conclusion would very materially strengthen the plaintiff's contention, and quite as materially weaken that of the defendant.

It is unnecessary to consider the motion as in the opinion of the court the entry must be,

*Exceptions sustained.*